Case 2:12-cv-00611-TOR   Document 18   Filed 03/07/14

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANN M. RITCHIE,<br><br>                    Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                    Defendant. | NO: 12-CV-0611-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 14, 15).  Plaintiff is represented by Maureen J. Rosette and Dana C. Madsen.  Defendant is represented by Kathy Reif.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on April 14, 2008, alleging an onset date of June 30, 2003. Tr. 247-49. Her claim was denied initially and on reconsideration. Tr. 165-68, 172-73. Plaintiff appeared at a hearing before an administrative law judge on August 4, 2009. Tr. 50-99. The ALJ issued a decision on October 16, 2009, finding that Plaintiff was not disabled under the Act. Tr. 143-57. On December 3, 2009, Plaintiff requested review by the Appeals Council. Tr. 206-07. On February 25, 2011, the Appeals Council remanded the case back to an administrative law judge for further proceedings. Tr. 161-64. Plaintiff appeared at another hearing before an administrative law judge on September 21, 2011. Tr. 100-37. The ALJ issued another decision on October 12, 2011, finding that Plaintiff was not disabled under the Act. Tr. 24-42.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 14, 2008, the Plaintiff's amended application date. Tr. 27. At step two, the ALJ found that Plaintiff had severe impairments, but at step three the ALJ found that Plaintiff did not have an impairment or combination of

impairments that met or equaled the listing of impairment. Tr. 27-28. The ALJ determined Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 416.967(b); however, she is limited to no more than occasional stooping, crouching, crawling, kneeling, balancing or climbing of ramps or stairs; she should never climb ladders, ropes or scaffolds; she should avoid even moderate exposure to respiratory irritants or workplace hazards; she is limited to understanding, remembering and carrying out simple routine, repetitive tasks requiring no more than superficial contact with the public and no more than occasional interaction with co-workers; her work tasks must be able to be performed in an isolated environment; and she must be permitted additional time to adapt to changes in routine.

Tr. 28-40. At step four, the ALJ found that Plaintiff is unable to perform past relevant had no past relevant work. Tr. 31. At step five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy in representative occupations such as housekeeper cleaner, laundry worker, and conveyor operator. Tr. 41. Since the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, a finding of not disabled was made. Tr. 42

On October 26, 2011, Plaintiff again requested review by the Appeals Council. Tr. 18-19. On October 5, 2012, the Appeals Council denied Plaintiff's request for review, Tr. 1-7, making the ALJ's decision the Commissioner's final

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act. Plaintiff contends the ALJ did not properly consider nor reject the opinions of examining physicians and instead relied on a non-treating, non-examining physician. Further, the Plaintiff contends there was not substantial evidence to support the ALJ's conclusions. ECF No. 14 at 11.

## DISCUSSION

Plaintiff contends the ALJ did not give specific and legitimate reasons for rejecting Dr. Chandler's opinion, ECF No. 14 at 14-15, and Dr. Greene's opinion, *id*. at 15-16.

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately

supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and citation omitted).

Although the treating physician's opinion is generally afforded the greatest weight, it is not binding on the ALJ regarding the existence of an impairment or determination of disability. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan*, 242 F.3d at 1149 (citation omitted); *accord Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). Here,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1  there is substantial evidence of malingering, thus, the ALJ was properly permitted
2  to find Plaintiff not credible and discount her testimony.  Tr. 30.  Plaintiff has not
3  challenged this negative credibility finding.
4       An ALJ may also reject a treating physician's opinion which is "based to a
5  large extent on a claimant's self-reports that have been properly discounted as
6  incredible." *Tommasetti,* 533 F.3d at 1041.  The ALJ provided specific, clear and
7  convincing reasons for rejecting Dr. Chandler's functional limitations assessment.
8       Significantly, the ALJ observed that Dr. Chandler, a licensed clinical
9  psychologist, opined Plaintiff demonstrated problems following simple instructions
10 yet her testing contradicted this finding, it was the 3-step instructions with which
11 Plaintiff had difficulty.  Tr. 37. The ALJ noted Dr. Chandler's opinion touched
12 upon Plaintiff's physical abilities, but she was not qualified to give such opinion.
13 *Id*.  To the extent Dr. Chandler's opinion was based on Plaintiff's self-reported
14 limitations as to her physical abilities, the ALJ had already discounted these, a
15 finding that has not been challenged here.  And most significantly, Plaintiff's
16 performance on the Rey- 15 item test showed evidence of malingering for which
17 Dr. Chandler failed to reconcile or resolve.  *Id*.
18      The ALJ provided specific, clear and convincing reasons for rejecting Dr.
19 Greene's mental functional limitations assessment. The ALJ found Dr. Greene's
20 opinions and conclusions should be viewed with suspicion and caution because "he

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

ignored the data he collected from [Plaintiff] which clearly detailed over reporting and exaggeration of symptoms, in addition to obvious evidence of malingering, with obvious attempt by [Plaintiff] to manipulate the evaluation process." Tr. 39. The ALJ found Dr. Greene provided no explanation for his internally inconsistent findings and the ALJ further discounted his opinion because it was also based on Plaintiff's self-reported limitations that the ALJ had already discounted. *Id*.

Lastly, Plaintiff contends that the ALJ relied on the opinion of Dr. Klein, PhD., a non-examining medical expert to reject the opinion of Dr. Greene, PhD. ECF No. 14 at 16. As the ALJ clearly stated, Dr. Klein was useful in evaluating the opinions of the other examiners because of his high level of expertise and his well explained and objectively supported findings. Tr. 40. Dr. Klein helped interpret the objective tests Dr. Greene administered, yet Dr. Greene failed to acknowledge the clear test results. Tr. 39-40. These objective test results are what caused the ALJ to discount Dr. Greene's opinion. *Id*. In the end, the ALJ discounted Dr. Klein's ultimate opinion, too and found Plaintiff had greater restrictions than Dr. Klein opined. Tr. 40. There was no error.

A district court may not substitute its judgment for that of the Commissioner. If the evidence "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

Substantial evidence in the record supports the ALJ's findings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** March 7, 2014.



THOMAS O. RICE
United States District Judge